**Francis A. STEARRETT, et al., Plaintiffs,**

v.

**William NEWCOMB, M.D., et al., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: Aug. 15, 1986.
Decided: Sept. 26, 1986.

---

* Paragraph C balances the expenditures and net income of the parties.

after its occurrence, and thereafter the building was rebuilt. The report contained facts concerning the fire scene which plaintiff could not establish otherwise. Furthermore, it does not appear that in that case the report was to be produced for use at a deposition of the expert. Since the plaintiff in *Braunstein's* required the report to develop facts for its own case, it was reasonable for the Court in ordering production of the report to require plaintiff to share with defendant the costs of obtaining the report.

■ In this case the opinion of the expert is sought merely to permit effective cross examination of the expert. Defendant has no need for the opinion unless Dr. Broder is going to testify. If he is to testify defendant's use is merely to facilitate cross examination. If defendant sought to examine the opinion during the trial as an aid to cross examination, they would be entitled to examine it without paying. The deposition is merely an opportunity to question the expert in advance of trial. The Order of the Court directed that Dr. Broder's opinion report be produced at his deposition. Based on the foregoing, defendant will not be required to pay for such use.

■ Plaintiffs quote from 8 *Wright & Miller*, Federal Practice and Procedure: Civil § 2031 which indicates that the Court has authority to require the party seeking additional discovery under Civil Rule 26(b)(4)(A)(ii) to share the fees and expenses incurred in obtaining facts and opinions from the expert. The Court notes that at the end of the sentence quoted by plaintiffs is a footnote which refers to § 2034 of that treatise. In § 2034 the author repeats the sentence of § 2031 which plaintiffs rely on, and follows that with the following sentence:

> Its decision in exercising this discretion should depend on whether the discovering party is simply learning about the other party's case or is going beyond this to develop his own case.

From this language, the Court concludes that the cost sharing principle should apply

Howard M. Berg, of Howard M. Berg & Associates, Wilmington, for plaintiffs.

Victor F. Battaglia, and Wayne A. Marvel, of Biggs & Battaglia, Wilmington, for defendants.

TAYLOR, Judge.

By Order dated July 31, 1986, the Court directed that the report of Dr. Broder, plaintiffs' expert who will be called by plaintiff to testify at trial, be produced at the time of defendants' taking of the deposition of Dr. Broder. Plaintiffs have requested that the Court require defendant to pay one-half of plaintiffs' cost of obtaining that report. The Court permitted plaintiffs to submit an additional memorandum.

Plaintiffs cite *Braunstein's Merchandise Mart Corp. v. Mart Associates*, Del.Super., C.A. No. 83C–FE–117, Poppiti, J, (Sept. 23, 1985) (Order) as supporting this request. It appears from the papers in that case that the report which the Court ordered to be produced was made by an expert, retained for the purpose of testifying at trial, who investigated the fire accident shortly

only if the other party seeks to develop facts for his own case or to ascertain facts which go beyond those which the party who has retained the expert is relying on. Assuming that defendant's deposition does not go beyond the subject description in the preceding sentence, defendant will not be required under Rule 26(b)(4)(A)(ii) to share the cost of the expert's preparation which preceded defendant's request to take the expert's deposition.

 Turning to plaintiffs' contention that letters and memoranda furnished to Dr. Broder are protected as plaintiffs' work product, it is not necessary to consider whether particular documents are work product within the accepted meaning. When plaintiffs forwarded those documents to a prospective expert with the expectation that that expert might testify at trial, plaintiffs waived any claim of privilege or benefit of work product. It is inherent in the testimony of the expert that he would be called upon to divulge all facts and information upon which he bases his opinion, and any limitations placed upon his retention as an expert. Hence, in aid of cross examination of the expert, the opposing party would be entitled to examine such documents. *Gunzl v. Riverside Hospital*, Del.Super., C.A. No. 81C–FE–6, Taylor, J. (Dec. 13, 1985) (Order) [Available on WESTLAW, DE–CS database].

Based upon the foregoing, I hold that defendant is entitled to have the production of the documents referred to above at or prior to the taking of Dr. Broder's deposition, and that defendant is not required to share in the cost of services and reports rendered by Dr. Broder prior to the defendant's request for the taking of his deposition.